## Barningham v. Walker

*James N. Bryant,* for plaintiff.

*Richard L. Kalin,* for defendant Walker.

*Robert K. Kistler, John R. Miller, Jr.,* for defendants.

BROWN, JR., *P.J.,* September 17, 1984—

FACTUAL AND PROCEDURAL BACKGROUND

This matter comes before the court upon defendant Centre County's preliminary objections to plaintiffs' amended complaint. The relevant allegations are as follows: In 1966, the Supervisors of Spring Township, Centre County, Pa., approved a preliminary plot plan for a development known as the Keller Lawn Subdivision, located in Spring Township. Spring Township has enacted subdivision and land development ordinances pursuant to the Municipalities Planning Code, 53 P.S. §10501 et seq. (hereinafter M.P.C.). Plaintiffs are lot owners in the Keller Lawn Subdivision. Defendant Ray Walker, Sr., is the developer of that subdivision. In November, 1978, the Spring Township Planning Commission granted defendant Walker final approval for the subdivision.

Plaintiffs' complaint, as amended, alleges that certain subdivision improvements have not been

completed in accordance with "various subdivision ordinances." The specific improvements involve the adjustment of a sinkhole, the grading of roads and the drainage of storm water. The complaint requests an order from this court directing the developer, the township and the county to make the improvements at their joint and several expense. The complaint also seeks monetary damages.

With respect to defendant Centre County (hereinafter county), plaintiffs allege that the county negligently and otherwise failed to advise Spring Township that the said development did not comply with certain provisions of the M.P.C. In the instant preliminary objections, the county demurs to plaintiffs' complaint, maintaining that the law imposes no duty upon the county to give such advice. On the basis of the following discussion, we agree.

## DISCUSSION

The gravamen of plaintiffs' causes of action against the county — both in equity and in trespass — is that the county failed to inform Spring Township that the subject subdivision did not comply with the M.P.C. and the township's own ordinances. Assuming arguendo plaintiffs have standing to assert such a cause of action, an analysis of the relevant law shows that plaintiffs have not stated a cognizable cause of action against the county. Section 502 of the M.P.C., 53 P.S. §10502, reads in part:

"The enactment of a subdivision and land development ordinance by any municipality, other than a county, whose land is subject to a county subdivision and land development ordinance shall act as a repeal pro tanto of the county subdivision and land development ordinance within the municipality

adopting such ordinances. However, applications for subdivision and land development located within a city, borough, incorporated town or township having adopted a subdivision and land development ordinance as set forth in this article shall be forwarded upon receipt by the municipality to the county planning agency for review and report together with a fee sufficient to cover the costs of the review and report which fee shall be paid by the applicant:

"Provided, that such municipalities shall not approve such applications until the county report is received *or* until the expiration of 45 days from the date the application was forwarded to the county.

"Further, any municipality other than a county may adopt by reference the subdivision and land development ordinance of the county, and may by separate ordinance designate the county planning agency as its official administrative agency for review and approval of plats." (Emphasis added.)

This statutory provision clearly states that a county has no *duty* to review and/or report upon an application for subdivision in a township, such as Spring Township, which has enacted its own subdivision ordinances. To the contrary, the statute provides that if a county fails to so report within 45 days from the date the township sent the application to the county, the township may then approve or disapprove the application, *without* direct input from the county.

By enacting its own subdivision and land development ordinances Spring Township repealed pro tanto the parallel county ordinances. Accordingly, Centre County may take no official position regarding whether or not to approve a particular application in Spring Township. Had the intent of Spring Township been to designate the county planning

commission as its official agency for approval, it would have had to enact an ordinance to that effect pursuant to the last paragraph of 53 P.S. §502, supra.

## ORDER

And now, this September 17, 1984, it is hereby ordered that defendant Centre County's preliminary objections in the nature of a demurrer are granted. Said defendant is dismissed from the above captioned lawsuit. Plaintiffs' complaint is transferred to the equity side of this court.